WATSON *v.* BEAVER DAM DRAINAGE DISTRICT.

In Banc. Mar. 14, 1949.

(39 So. (2d) 309)

B. B. Allen and Cooper & Harper, for appellant.

Neill, Clark & Townsend, for appellee.

Roberds, J.

Beaver Dam Drainage District was organized, and is operating, under the provisions of Article 2, Title 19, Vol.

4, Mississippi Code 1942, Annotated. The Commissioners adopted a resolution finding that it was necessary for the canal and ditches therein to be cleared of obstructions, extended, widened and deepened in order to preserve the drainage system, and that, to do this work, it was also necessary that the Commissioners borrow $9,000, and that a tax be levied against the lands in the district for the purpose of repaying the borrowed money. They filed a petition in this cause praying that the chancery court authorize this work to be done, the borrowing of the money and the assessment of a tax against the benefits to the lands located in the district. Both the adopted resolution and the petition filed by the Commissioners stated that there were lands outside of the district which had been, and were then being, benefited by the drainage system. Such outside landowners, however, were not named, nor their lands described, and no notice given them and they did not appear. In other words, the hearing was had as though no such outside benefited lands existed. Certain of the landowners in the district appeared and objected to the chancery court granting the relief prayed for by the Commissioners until and unless the lands outside the district which had received, and were then receiving, benefits from the district were brought into court and a hearing had as to whether such outside benefited lands should be assessed with their proper proportion of the taxes to make said improvements. Contestants offered proof to show that there were outside lands so benefited, but the chancellor refused to hear that evidence, sustained the petition and dismissed the protests.

 The case is controlled by the opinion this day handed down in the case of Hobbs v. Moorhead Drainage District, Miss., 39 So. (2d) 307. The only substantial difference in the two cases is that in the Hobbs case there was deleted from petition affirmative statements that there existed lands outside the district receiving benefits from the drainage system, although the objections con-

tain such affirmative statements, whereas in this case both the resolution and the petition of the Commissioners, as well as the objections, contain such allegations.

Reversed and remanded.