HOBBS, et al. *v.* MOORHEAD DRAINAGE DISTRICT.

In Banc. Mar. 14, 1949.

(39 So. (2d) 307)

**B. B. Allen,** for appellants.

**Neill, Clark & Townsend,** for appellee.

Alexander, J.

The Board of Commissioners of the Moorhead Drainage District filed their petition for authority to borrow the sum of $26,000 in order to repair and preserve the existing system. The petition exhibited a resolution of the board passed to this end. The original petition stated that there were "other lands not embraced within the said district but benefited by the improvements therein". Notice of such petition was published to "all persons owning lands in the Moorhead Drainage District of Sunflower County, Mississippi, and owning lands not embraced in said Drainage District but assessed for benefits, and all property owners and persons interested".

Objections by way of answer were filed by landowners in the district (some of whom later withdrew their objection), setting up that all interested persons were not made parties. Therein are listed considerable lands which are adjacent to the district whose owners are using the canals for drainage or are otherwise benefited thereby. It is argued that pursuant to this objection the language quoted from the petition was deleted in an effort to meet the grounds assigned. Regardless thereof, the deletion was made. The matter thereupon was presented to the court upon a motion to exclude the objections, which was sustained. This is the error here assigned.

Testimony was taken to support the petition, and although the motion to dismiss the answer has the effect

of a demurrer in admitting the allegations therein, that testimony lent further support to the allegations of the objectors.

There is thus brought into play Code 1942, Section 4623, which is as follows:

"If the owner or owners of any lands, lying outside of a drainage district have made, or shall hereafter make connection with the main ditch or drain, or with any branch or lateral ditch or drain within the district; or if any such land is drained into the ditches and drains of a drainage district by ditches or drains constructed either before or after the organization of such drainage district and if in either case the lands outside of such drainage districts are benefited by the work done in such drainage district, the owner or owners shall be deemed to have made voluntary application to be included in such drainage district. And thereupon, the commissioners shall make a complaint in writing, stating the description of such land or lands benefited, the amount of benefits, the name of the owner or owners thereof, the description of the drain or ditch making connection with the ditches as near as may be, and file said complaint in the chancery court where said district was organized. And said court or chancellor in vacation shall fix a day, not less than twenty-five days from the filing of the petition, when it shall hear such complaint, and thereupon the clerk of said court shall give each of the landowners notice of said proceedings, by mailing each of them to their post-office addresses, notice of said complaint, not less than ten days prior to the date for said hearing, or personal service may be served on each of them as provided in ordinary suits not less than five days prior to the date of the hearing. . . ."

Although the quoted section is part of the original drainage act providing for county commissioners (brought forward in Chapter 196, Laws of 1912), a similar provision dealing with districts under local commissioners, (Laws 1912, Chapter 195), as is the case here,

is Section 4689 a relevant part of which is as follows:

". . . If the commissioners, at any time either before or after the organization of the district, find that other land, not embraced within the boundaries of the district, will be benefited by the proposed improvement or improvements already made, they shall assess the estimated benefit to such lands, and shall specially report to the chancery court, or chancellor in vacation the assessments which they have made on land beyond the boundaries of the district, as already established. It shall thereupon be the duty of the clerk of the chancery court to give notice by two weekly insertions in a newspaper published in the county where such lands lie, describing the additional lands which have been assessed; and the owner of real property so assessed shall be allowed not less than ten days after the last publication of such notice in which to file with the clerk of the chancery court their protest against being so assessed, or included within the district. . . ."

It is further provided by Section 4752, that "All of the provisions of the code chapter on drainage districts which are not contained in this article, and which do not conflict with any of the provisions of this article, shall apply to any districts organized or operating hereunder."

It is seen, therefore, that the procedure for making parties those persons outside the district who are thereby benefited is not inconsistent, and that the court was in error in dismissing the objections in the face of their allegations.

The cause will be reversed and remanded so that proper interested persons may be made parties, and the merits of the petition thereupon heard.

Reversed and remanded.